IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA

v.

ZOILO ROBLERO-ROBLERO,

Defendant.

_____

Case No.  1:26-CR-167 (MAD)

GOVERNMENT'S SENTENCING
MEMORANDUM

The United States of America, by and through its counsel of record, the United States

Attorney for the Northern District of New York, hereby files its sentencing memorandum.

**I**

**INTRODUCTION**

On May 29, 2026, the defendant is expected to plead guilty to an information charging

illegal re-entry, in violation of 8 U.S.C. § 1326(a).

The charge arose from the defendant's second known illegal entry into the United States.

On April 13, 2026, the defendant was a passenger in a vehicle involved in a traffic stop in

Chateaugay, New York. The defendant admitted to illegally re-entering the United States in 2017.

The Border Patrol agent arrested the defendant, and a fingerprint check returned the defendant's

prior removal history.

The defendant is scheduled to be sentenced on May 29, 2026.

## II

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1.      Statutory Maximum Sentences**

The defendant's conviction for illegal re-entry, in violation of 8 U.S.C. § 1326(a) subjects the defendant to a statutory maximum term of 2 years, a maximum fine of $250,000, and a maximum term of supervised release of one year.  *See* 8 U.S.C. § 1326; 18 U.S.C. § 3571(b)(3); 18 U.S.C. § 3583.  The defendant is required to pay a special assessment of $100, due and payable at or before sentencing.  See 18 U.S.C. § 3013.  Other adverse consequences of his plea may result, including, but not limited to, removal from the United States.

**2.      Guidelines Provisions**

**a.      Offense Level**

Under the federal sentencing guidelines, the "base offense level" for the defendant's conviction for 8 U.S.C. § 1326(a) is 8, pursuant to U.S.S.G. § 2L1.2(a).  There are no applicable specific offense characteristics.

**b.      Acceptance of Responsibility**

The government agrees that the defendant is entitled to credit for acceptance of responsibility.  The defendant is entitled to a two-level downward adjustment to his offense level for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a).

**c.      Criminal History Category**

 The government agrees that the defendant's criminal history category is category I. The government agrees that the defendant meets the criteria of U.S.S.G. § 4C1.1(a)(1)-(10) and accordingly, the offense level is adjusted down by two levels.

### d.    Guidelines Range and Sentence

As described above, the combined offense level is 4 and the criminal history category is I. As a result of the above-described calculations, the federal sentencing guidelines sections advise that the defendant receive a sentence of 0 to 6 months of imprisonment; a fine of between $500 and $9,500; a $100 special assessment; and a supervised release term of one year. It is noted the defendant has been continuously detained since his arrest on April 13, 2026.

### III

### GOVERNMENT'S SENTENCING RECOMMENDATION

Based on all of the information before the Court, the government respectfully requests that the Court sentence the defendant to a term of imprisonment of the guideline sentence. As the defendant is a deportable alien who will likely be deported after imprisonment, a term of supervised release is not warranted.  *See* U.S.S.G. 5D1.1(c). The sentence that the government recommends here is sufficient, but not greater than necessary to comply with the sentencing purposes set forth in 18 U.S.C. § 3553(a)(2) for the following reasons:

**The Nature, Circumstances, and Seriousness of the Offense.**  Although the defendant's intentions in remaining in the United States may have been as benign as earning a living wage, law enforcement time, money, and resources were spent investigating, apprehending, and processing the defendant. This time, money, and resources would otherwise be available to interdict those illegally entering the U.S. with ill intentions but are unavailable because of the defendant's actions.

**History and Characteristics of the Defendant.**  The case at bar does not represent the first time the defendant has broken the laws of the United States. This is at least the second time

3

the defendant has illegally entered the United States, and it will be his second removal from the United States. On October 18, 2012, the defendant illegally entered the United States from Mexico, but Border Patrol apprehended him. The same day, he was issued an expedited removal, and the defendant was removed from the United States to Mexico via the Douglas, Arizona Port of Entry. The defendant admitted he then illegally re-entered the United States in 2017 in Arizona and has been here undetected since. On the day of his arrest, he was on his way to visit his wife, who was working on a farm in upstate New York. Any assertion that he will never again attempt to enter the United States is simply not believable.

**Respect for the Law, Just Punishment, and Deterrence**.  A guideline term of imprisonment will promote respect for the law, provide just punishment, and further both specific deterrence to the defendant and general deterrence to others.  As the Supreme Court has observed, "in the ordinary case, the [Sentencing] Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 89 (2007); *see, e.g.*, *Gall v. United States*, 552 U.S. 38, 46 (2007) (Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions").  Sentences within the advisory Guidelines range also promote Congress's goal in enacting the Sentencing Reform Act— "to diminish unwarranted sentencing disparity."  *Rita v. United States*, 551 U.S. 338, 354 (2007).

The defendant has demonstrated that he does not respect the law.  He has repeatedly acted to undermine the proper process for immigrants to enter the United States, which disparages those who immigrated here through the proper channels. The recommended sentence reflects the

4

seriousness of the offense, promotes respect for the law, provides just punishment for the offense, and deters future criminal conduct.[1]

Respectfully submitted this 19th day of May 2026,

TODD BLANCHE
Acting Attorney General

JOHN A. SARCONE III
First Assistant United States Attorney

By:     */s/ Douglas G. Collyer*
Douglas G. Collyer
Assistant United States Attorney
Bar Roll No. 519096

---

[1] The government reserves the right to respond to defense arguments raised for the first time after filing of this memorandum.  Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond.  *See* Fed. R. Crim. P. 32(i)(1)(c), 32(h).  Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

**CERTIFICATE OF SERVICE**

I hereby certify on May 19, 2026, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to counsel for the defendant.

/S/ *Douglas G. Collyer*